IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION – CINCINNATI

| | | |
|---|---|---|
| EXCELL MARINE CORPORATION, | : | Case No. 1:22-cv-655 |
| | : | |
| Plaintiff, | : | Judge Matthew W. McFarland |
| | : | |
| v. | : | |
| | : | |
| STAGG MARINE, INC., | : | |
| | : | |
| Defendant. | : | |

---

### ORDER GRANTING PLAINTIFF'S SECOND
### MOTION FOR DEFAULT JUDGMENT (Doc. 24)

---

This matter is before the Court on Plaintiff's Second Motion for Default Judgment (Doc. 24). Defendant failed to timely respond to the motion. *See* S.D. Ohio Civ. R. 7.2(a)(2). Thus, this matter is ripe for review. For the reasons below, Plaintiff's Second Motion for Default Judgment (Doc. 24) is **GRANTED**.

## BACKGROUND

This case revolves around a contract for the charter of a towing vessel. (Compl., Doc. 1.) Plaintiff Excell Marine Corporation owned an M/V Tombigbee inland marine towing vessel. (*Id.* at ¶ 5.) In April 2022, Plaintiff entered into an oral contract in which it chartered this vessel to Defendant Stagg Marine. (*Id.* at ¶ 6.) Under the oral contract, Defendant agreed to pay Plaintiff for Defendant's use of the vessel and fuel. (*Id.* at ¶¶ 9-10.) On April 15, 2022, Plaintiff issued Defendant an invoice of $26,341.67 for Defendant's use of the vessel from April 1 to April 15, 2022. (*Id.* at ¶ 9; Invoice 1, Doc. 1-1.) Then, on April 30, 2022, Plaintiff issued Defendant a second invoice of $76,411.85 for Defendant's

use of the vessel from April 16 to April 26, 2022. (Compl., Doc. 1, ¶ 10; Invoice 2, Doc. 1-2.) In total, Defendant owed Plaintiff $102,753.52. (Compl., Doc. 1, ¶ 11.) Despite Plaintiff fully performing under the contract and Defendant acknowledging this amount owed, Defendant failed to pay this amount in full. (*Id.* at ¶¶ 11, 13.)

On November 11, 2022, Plaintiff brought a breach of contract claim against Defendant. (Compl., Doc. 1.) Because Defendant failed to timely respond to the Complaint or otherwise appear in this matter, Plaintiff applied for an entry of default against Defendant. (*See* Application for Entry of Default, Doc. 18.) The Clerk entered default against Defendant on August 8, 2023. (Entry of Default, Doc. 20.)

On August 21, 2023, Plaintiff moved for default judgment against Defendant in the amount of $102,753.52. (Motion for Default Judgment, Doc. 21.) However, Plaintiff withdrew this motion after Defendant paid $26,341.67—the amount for the smaller invoice. (Notice of Withdrawal of Motion, Doc. 23.) The larger invoice remains unpaid, and Plaintiff now moves for default judgment against Defendant in the outstanding amount of $76,411.85. (Second Motion for Default Judgment, Doc. 24.)

## LAW

Federal Rule of Civil Procedure 55 governs entries of default and default judgment. A plaintiff seeking entry of default against a defendant must first show, "by affidavit or otherwise," that the defendant "has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). Upon such showing, the clerk must enter default against the defendant. *Id.* Following such entry, the plaintiff must apply to the court for a default judgment, except when the claim "is for a sum certain or a sum that can be made certain by

2

computation." Fed. R. Civ. P. 55(b). Once default is entered against a defendant, that party is deemed to have admitted all of the well-pleaded allegations in the complaint, except those related to damages. *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110-11 (6th Cir. 1995).

A court deciding whether to grant a motion for default judgment must still satisfy itself that the facts in the complaint state a claim for relief against the defendant. *Kuhlman v. McDonnell*, No. 1:20-CV-510, 2022 WL 407240, at *2 (S.D. Ohio Feb. 10, 2022). The Court is also required to "conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." *Vesligaj v. Peterson*, 331 F. App'x 351, 355 (6th Cir. 2009) (quotation omitted). To do so, the Federal Rules of Civil Procedure "require that the party moving for a default judgment must present some evidence of its damages." *Mill's Pride, L.P. v. W.D. Miller Enters.*, No. 2:07-CV-990, 2010 WL 987167, at *1 (S.D. Ohio Mar. 12, 2010).

## ANALYSIS

Plaintiff seeks default judgment on its breach of contract claim against Defendant in the amount of $76,411.85. (Second Motion for Default Judgment, Doc. 24.)

The contract in this matter is an oral contract, and Plaintiff has not referenced any choice of law provision. (Compl., Doc. 1, ¶ 6.) In a diversity action, district courts must apply the choice of law rules of the state in which it sits. *Nat'l Union Fire Ins. Co. v. Watts*, 963 F.2d 148, 150 (6th Cir. 1992). Under Ohio choice of law rules, the law of the state with the most significant relationship to the contract governs disputes arising from it. *Gries Sports Enters., Inc. v. Modell*, 473 N.E.2d 807, 810 (Ohio 1984).

In determining the most significant relationship, Ohio has adopted the test set forth in the Restatement (Second) of Conflict of Laws § 188, which considers: (1) the place of contracting, (2) the place of negotiating the contract, (3) the place of performance, (4) the location of the contract subject matter, and (5) the domicile, residence, nationality, place of incorporation, and place of business of the parties. *N. River Ins. Co. v. Emps. Reinsurance Corp.*, 197 F. Supp. 2d 972, 979 (S.D. Ohio 2002) (citing *Watts*, 963 F.2d at 150).

Plaintiff is organized under the laws of Ohio and has its principal place of business in South Point, Ohio. (Compl., Doc. 1, ¶ 1.) In contrast, Defendant is a Louisiana corporation with its principal place of business in Lafayette, Louisiana. (*Id.* at ¶ 2.) The Complaint identifies—among other things—that Defendant solicited Plaintiff's business and services within Ohio and entered into the contract in Ohio. (*Id.* at ¶ 4.) However, as Defendant chartered the vessel for a "project at or around Mile 71 of the Upper Mississippi River," it does not appear that Defendant used the vessel within Ohio. (*Id.* at 6.)

Accordingly, Ohio or Louisiana law may potentially apply. The Court need not decide this question, however, because "a choice-of-law determination is unnecessary if the laws of each forum would reach the same result." *Choice Hotels Int'l, Inc. v. C&O Devs., LLC*, 199 N.E.3d 1, 5 (Ohio Ct. App. Sept. 15, 2022); *see also Dodge Data & Analytics LLC v. iSqFt, Inc.*, 183 F. Supp. 3d 855, 872 (S.D. Ohio 2016) ("If, after applying the relevant factors, either state would be appropriate, the court should apply the law of the forum state.").

To establish a breach of contract under Ohio law, a plaintiff must show that (1) a

4

contract existed, (2) the plaintiff performed, (3) the defendant breached, and (4) the plaintiff suffered damages as a result of the breach. *See Pavlovich v. Nat'l City Bank*, 435 F.3d 560, 565 (6th Cir. 2006). Louisiana law is in accord. *See State v. Zanders*, 2021-CV-336, 339 So.3d 1194, 1200 (La. Ct. App. Dec. 22, 2021) ("The essential elements of a breach of contract claim are: (1) the obligor's undertaking of an obligation to perform; (2) the obligor's failure to perform the obligation (the breach); and (3) the failure to perform resulted in damages to the obligee.").

Plaintiff's breach of contract claim succeeds under either state's applicable law. The parties entered into an oral contract in which Plaintiff agreed to charter a vessel to Defendant in return for payment. (Compl., Doc. 1, ¶¶ 6, 16.) Plaintiff fully performed all of its obligations under the contract. (*Id.* at ¶ 13.) Defendant breached the contract by not paying Plaintiff for its use of the vessel. (*Id.* at ¶¶ 9-11.) Plaintiff suffered $102,753.52 in damages and now seeks to recover the outstanding $76,411.85. (*Id.* at 11; Second Motion for Default Judgment, Doc. 24.) Deeming these allegations as admitted, the Court finds that Plaintiff adequately stated a breach of contract claim against Defendant. Thus, Plaintiff is entitled to an entry of default judgment.

Turning to damages, Plaintiff provides evidence in the form of invoices and affidavits to establish the calculability of its damages. (*See* Invoice 1, Doc. 1-1; Invoice 2, Doc. 1-2; Second Motion for Default Judgment, Doc. 24.) The Court is satisfied that it can therefore determine appropriate damages without an evidentiary hearing. Based on this evidence, Defendant owes Plaintiff $76,411.85.

## CONCLUSION

For the foregoing reasons, the Court hereby **ORDERS** the following:

1. Plaintiff's Second Motion for Default Judgment (Doc. 24) is **GRANTED**;

2. Default Judgment is **ENTERED** in favor of Plaintiff against Defendant in the amount of $76,411.85 in damages, plus interest on the judgment at the statutory rate identified in 28 U.S.C. § 1961 until the judgment is satisfied;

3. This case is **TERMINATED** from the Court's docket.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: *Matthew W. McFarland*
JUDGE MATTHEW W. McFARLAND